Larry **PORTER**, Plaintiff–Appellant,

v.

Glenn **GOORD**, Donald Selsky, David Doe, I–G, Michael P. McGinnis, Barry Capell, James P. Waite, Rocky L. Hazelton, Richard Moriarty, Mark Shu-maker, Julia Heyward, Karen Dyal, Paul H. Weed, Charle Worle, Richard Augustine, James Casselberry, Defendants–Appellees.

No. 10–1135–pr.

United States Court of Appeals, Second Circuit.

March 23, 2011.

Larry Porter, Attica, N.Y., pro se.

Patrick J. Walsh, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Michael S. Belohlavek, Senior Counsel, of counsel) for Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y., for Defendants–Appellees.

PRESENT: ROBERT A. KATZMANN, RICHARD C. WESLEY, Circuit Judges, and BRIAN M. COGAN,* District Judge.

**SUMMARY ORDER**

Plaintiff–Appellant Larry Porter, proceeding *pro se,* appeals the district court's judgment which granted summary judgment on his 42 U.S.C. § 1983 claims in favor of the Defendants–Appellees, and that court's denial of his motion for reconsideration. We assume the parties' familiarity with the underlying facts, the

---

* The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

procedural history of the case, and the specification of issues on appeal.

We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). In doing so, we determine whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *Id.* Additionally, we review for abuse of discretion the district court's orders denying motions made under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998) (Rule 60(b)); *Baker v. Dorfman*, 239 F.3d 415, 422 (2d Cir.2000) (Rule 59(e)). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Transaero*, 162 F.3d at 729.

As an initial matter, by failing to challenge on appeal the magistrate judge's grant of summary judgment in favor of defendants with respect to the First and Eighth Amendment claims, Porter has waived any such challenge. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995). Additionally, because Porter does not challenge the magistrate judge's conclusion that Porter failed to present facts showing an atypical and significant hardship resulting from the disciplinary proceedings, Porter has similarly waived any such challenge. *See id.*

An independent review of the record and relevant case law reveals that the magistrate judge properly granted summary judgment and properly denied Porter's reconsideration motion. We affirm for substantially the same reasons stated by the magistrate judge in his thorough and well-reasoned opinions of July 22, 2009 and March 9, 2010. *See Porter v. Goord*, No. 04–CV485, 2009 WL 2180580 (W.D.N.Y. July 22, 2009); *Porter v. Goord*, No. 04–CV–485, 2010 WL 891143 (W.D.N.Y. Mar. 9, 2010).

We have considered all of Porter's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.